CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
JAN 0 5 2007
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

MARTHA P. ST. CLAIR, as Administrator of
the Estate of Roger Eugene St. Clair,
deceased

*Plaintiff,*

v.

BANKER STEEL CO., LLC, AND
BANKER STEEL CO., INC., AND
LINDA J. WHITMORE, AND
THE GUARDIAN LIFE INSURANCE COMPANY
OF AMERICA,

*Defendants*

CIVIL NO. 6:06cv00042

ORDER and OPINION

JUDGE NORMAN K. MOON

This matter is before the Court on Defendants' Motion to Dismiss, filed on October 16, 2006 (docket entry no. 2). For the following reasons, this motion is hereby GRANTED, Plaintiff's case is hereby DISMISSED WITHOUT PREJUDICE, and Plaintiff is given leave to amend her complaint.

## I. Background

Plaintiff Martha P. St. Clair ("Plaintiff") alleges that Defendants Banker Steel Co., LLC, and Banker Steel Co., Inc. (collectively, "Banker Steel") terminated the employment of her son, Roger St. Clair, with Banker Steel on the afternoon of September 1, 2004. She claims that Roger thereafter filled out forms indicating his desire to continue his life insurance policy issued by Defendant Guardian Life Insurance Company of America ("Guardian Life") and administered by Defendants Banker Steel. Roger allegedly returned the forms to Banker Steel's human resources

1

manager, Defendant Linda Whitmore ("Whitmore").

In late September, Guardian Life sent Roger a letter that allegedly confirmed Roger's employee life insurance benefits of $75,000. Roger mailed a payment to Banker Steel reflecting his insurance premium for the month of September 2004 and Banker Steel allegedly received this payment.[1]

Roger died on December 8, 2004. Plaintiff spoke with Whitmore and was eventually told that Roger's life insurance coverage ceased on September 1, 2004 and that Banker Steel sought to refund Roger's September premium.

Plaintiff sued Defendants in state court, alleging negligence, breach of fiduciary duty, and fraud in connection with Defendants' failure to pay the life insurance benefits following Roger's death. Defendants timely removed the action and thereafter filed a motion to dismiss. The pretrial order of October 27, 2006, allows any party opposing a motion to file a brief in opposition within the later of fourteen days of being served with the movant's brief or fourteen days after October 27; otherwise, the Court will treat the motion as unopposed.

## II. Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999).

In considering a Rule 12(b)(6) motion, a court must accept all allegations in the complaint as true, must draw all reasonable inferences in favor of the plaintiff, and should not dismiss unless the defendant demonstrates "beyond doubt that the plaintiff can prove no set of

---

[1]The precise order of these events are not entirely clear. Nevertheless, the order has no bearing on the Court's decision.

2

facts in support of [the plaintiff's] claim" that would allow the plaintiff relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Edwards*, 178 F.3d at 244; *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001). Stated differently, a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002).

As the Fourth Circuit has held, however, *Swierkiewicz* did not eliminate the requirement that a plaintiff "must sufficiently allege facts to allow the Court to infer that all elements of each of his causes of action exist." *See Inman v. Klöckner-Pentaplast of America, Inc.*, No. 3:06cv00011, 2006 WL 3821487, at *4 (W.D. Va. Dec. 28, 2006) (collecting cases).

### III. Discussion

Defendant contends that Plaintiff's allegations of state law violations are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461 (2000).

With certain exceptions not applicable here, ERISA preempts all state laws that relate to an employee benefit plan. *See* 29 U.S.C.A. § 1144(a) (2006) ("[ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."). If the allegations in plaintiff's complaint show that an employee benefit plan is at issue and that Defendants allegedly violated some Virginia law that relates to that plan, Plaintiff's state-law claims are preempted by ERISA.

Furthermore, this analysis must be done in light of the United States Supreme Court's and Fourth Circuit's holdings that the ERISA preemption doctrine is incredibly expansive. *See, e.g., Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985) ("The pre-emption provision was intended to displace all state laws that fall within its sphere, even including state

3

laws that are consistent with ERISA's substantive requirements."); *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 418 (4th Cir. 1993) ("It is frequently observed that the force of ERISA's preemption is strong and its scope wide. Congress clearly intended to occupy the field and to exclude from the field any effort by the states to regulate ERISA matters." (citation omitted)).

### A. Relate To

First, the court must determine whether Plaintiff's claim *relates to* an employee benefit plan. *See, e.g., Custer*, 12 F.3d at 418. ("The initial analytical step in resolving the question of preemption, therefore, is to address whether the purported claim relates to any employee benefit plan."). "The phrase 'relates to' is given a broad, common-sense meaning—'[a] law relates to an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" *Id.* (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97 (1983)) (alteration in original).

Here, there is no doubt that Plaintiff's claims that Defendants should be held liable for negligence, breach of fiduciary duty, and fraud all "relate to" payment (or not) under a plan that will be shown below to be an employee benefit plan.

### B. Employee Benefit Plan

An employee benefit plan under ERISA means:

> any plan, fund, or program ... established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services ....

29 U.S.C.A. § 1002 (2006). This definition contains five elements: (1) a plan, fund, or program;

4

(2) established or maintained; (3) by an employer; (4) for the purpose of providing benefits in the event of death; (5) to participants or their beneficiaries. *See id; see also Madonia v. Blue Cross & Blue Shield of Virginia*, 11 F.3d 444, 446 (4th Cir. 1993). A group life insurance policy, if sponsored by an employer, qualifies as an ERISA plan. *See Custer*, 12 F.3d at 410.

Here, Plaintiff's complaint makes clear that what is at issue is a group life insurance plan established by the decedent's employer for the purpose of paying benefits to beneficiaries like Plaintiff upon the decedent's death. As such, it is an employee benefit plan.

## IV. Conclusion

For the foregoing reasons, Defendant's motion is hereby GRANTED, Plaintiff's case is hereby DISMISSED WITHOUT PREJUDICE and Plaintiff is given leave to file an amended complaint raising a claim under ERISA within twenty days of the date of this Order.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: _____
United States District Judge

Jan 5, 2007
Date

5